TUSCARAWAS.<br>
August, 1818.<br>
Ohio<br>
v.<br>
Smith.

---

## TUSCARAWAS COUNTY—AUGUST TERM, 1818.

PRESENT—TAPPAN, *President;* LAFFER, DEARDORFF AND NEIGHBOUR, *Associates.*

## OHIO vs. SMITH.

No juror is bound to agree to a verdict contrary to his own conviction of truth.

On an indictment for an assault and battery, the person injured swore falsely, that he had not agreed with or been satisfied by the defendant, held that such false swearing was perjury, notwithstanding that such agreement and satisfaction did not discharge the criminal prosecution.

The caption of an indictment, and the journal entries, may be amended, to be made conformable to the truth of the case.

INDICTMENT FOR PERJURY—PLEA, NOT GUILTY.

"*State of Ohio, Tuscarawas County, ss.* At a court of common pleas, began and held at New Philadelphia, in the county of Tuscarawas, on Tuesday, the twenty-fourth day of March, in the year of our Lord, one thousand eight hundred and eighteen, the grand jurors of the state of Ohio, for the body of the county of Tuscarawas aforesaid, in the name and by the authority of the state of Ohio, on their oaths and solemn affirmations, do present and find, that Michael Smith late of the township of ——— in said county of Tuscarawas, on Thursday the twenty-sixth day of March, in the year of our Lord one thousand eight hundred and eighteen, before the honorable the Judges of the court of common pleas, at New Philadelphia, in and for the county of Tuscarawas aforesaid, being in the fifth judicial circuit of the state of Ohio, then and there in open court came; and the court aforesaid, then and there had for consideration and adjudication before said court, a certain indictment before that time found by the grand jurors of the county of Tuscarawas aforesaid, for an assault and battery alledged therein to have

been committed upon the body of one Michael Smith by one Henry Mauckiman, to which said indictment the said Henry Mauckiman had, in due form of law, pleaded guilty; and upon which said indictment, the said Michael Smith was a prosecuting witness, and was produced and appeared as such in open court, at the time and place aforesaid and on the Indictment aforesaid. And the grand jurors aforesaid, upon their oaths and solemn affirmations aforesaid, do further present and find, that at the term of March aforesaid, on the day and year aforesaid, in the county aforesaid, on the said Indictment, then and there before said court, the said Michael Smith, in open court aforesaid, by the court, aforesaid, was duly sworn upon his corporal oath, "that the testimony he would give to the said court, upon the indictment aforesaid, should be the truth, the whole truth, and nothing but the truth;" the said court of common pleas then and there having, full, sufficient, and competent power to administer oaths, and the same oath as aforesaid, to the said Michael Smith in that behalf administered. And the grand jurors aforesaid, upon their oaths and solemn affirmations aforesaid, do further present and find, that upon the investigation by the court, of the degree of guilt of the said Henry Mauckiman upon the Indictment aforesaid, it then and there became, and was a material question, whether the said Michael Smith (upon a complaint made by him against the said Henry Mauckiman, before one George Peterson, Esquire, Justice of the Peace, in the township of Warren, in the said county of Tuscarawas, for an alledged assaulting and beating of said Michael Smith, by the said Henry Mauckiman, and before which justice of the peace as aforesaid, the said Henry Mauckiman was then and there brought,) had, or had not agreed, to and with the said Henry Mauckiman, before the aforesaid, George Peterson, Esquire, justice of the peace; and whether or not he, the said Michael Smith, had compromised the difference between him and the said Henry Mauckiman, touching the complaint aforesaid; and whether the said Michael Smith, at the time aforesaid, and before the said George Peterson, Esquire, justice of the peace, did not say, and declare to the said Henry Mauckiman, that he, the said Michael Smith, was satisfied with the said Henry Mauckiman, and would not further prosecute the said Henry Mauckiman. And thereupon, the said Michael Smith, being so produced and sworn as aforesaid, before the aforesaid court of common pleas, at the time and manner aforesaid, well knowing the premises, and devising and wickedly and maliciously intending by his testimony before said court, to deceive said court, and to cause and procure a considerable fine to be imposed upon the said Henry Mauckiman, upon the said Indictment, and greatly to oppress and aggrieve and injure the said Henry Mauckiman, and not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, then and there, in the court aforesaid, at New Philadelphia aforesaid, in the county of Tuscarawas aforesaid, upon his corporal oath aforesaid, upon the trial or investigation on said Indictment, in open court as aforesaid, and on the day and year aforesaid, to wit, on the 26th day of March, in the year of our Lord one thousand eight hundred and eighteen, did falsely, wickedly, wilfully, corruptly, and positively, and by his own act and consent, say, depose, swear, declare and give in evidence, amongst

other things, to and before the court aforesaid, in sub-
stance, and to the effect following, that is to say: "That
"he, the said Michael Smith, *did not* agree to the set-
"tlement before George Peterson with Henry Mauckiman,
"and that he expressed his dissatisfaction with it at the
"time, and told them that he would return him to the grand jury,"
meaning thereby, that at the time when the said Henry Mauckiman
was brought up before the said George Peterson, Esq. justice of the
peace as aforesaid, upon a complaint made by him, the said Michael
Michael Smith, against said Henry Mauckiman, of and concerning an
assault and battery alledged to have been committed by said Henry
Mauckiman, upon the body of him, the said Michael Smith, then and
there aforesaid, did not agree to, and expressed his (meaning the said
Michael Smith) dissatisfaction with, the settlement before Geo. Peter-
son meaning the settlement touching and concerning the complaints
as aforesaid before him, Geo. Peterson, Esq. justice of the peace, and
meaning thereby that the said Michael Smith had made no agree-
ment whatever, either *with* the said Henry Mauckiman before the said
George Peterson, Esq., justice of the peace aforesaid, or with the
said Henry Mauckiman and the said George Peterson, Esquire.
Whereas, in truth and in fact, at the time of the bringing up of
said Henry Mauckiman, before the said George Peterson, on the com-
plaint aforesaid, the said Michael Smith *did agree* to and with the
said Henry Mauckiman, then and there as aforesaid, in the county
of Tuscarawas aforesaid, before the said George Peterson Esq. justice of
the peace as aforesaid, and was satisfied with the said Henry Maucki-
man ; and in substance said and declared, at the time and place aforesaid,
that he, the said Michael Smith, was sorry he had prosecuted the said
Henry Mauckiman, and would not further prosecute the said Henry
Mauckiman ; he, the said Michael Smith (at the time and place,
and in the manner when and in which the said Michael Smith so took
his oath aforesaid, before the court aforesaid, on the Indictment afore-
said) well knew, that he, the said Michael Smith, *had made* an agreement
as aforesaid, to and with the said Henry Mauckiman, before the said
George Peterson, Esquire, justice of the peace ; and he, the said Michael
Smith, at the time and place aforesaid, on the complaint aforesaid,
well knew that he, the said Michael Smith, had expressed his satisfac-
tion and agreement to and with the said Henry Mauckiman before said
George Peterson, Esquire, justice of the peace, meaning the complaint
aforesaid, touching and concerning the said alledged assault and battery
as aforesaid. And so the grand jurors aforesaid, upon their oaths and
solemn affirmations aforesaid, do say, that the said Michael Smith, of
the township of——in the said county of Tuscarawas, on the twenty-
sixth day of March, in the year of our Lord one thousand eight
hundred and eighteen, at New Philadelphia aforesaid, in the county of
Tuscarawas aforesaid, upon his corporal oath aforesaid, before the said
court of common pleas of said Tuscarawas county, in said state of Ohio,
and in the fifth judicial circuit of said state, the said court of common
pleas then and there having sufficient, full and compotent power and
authority to administer oaths to witnesses in said court, and to
administer the oath aforesaid, to the said Michael Smith as aforesaid,
voluntarily, by his own act and consent, and of his own most wicked

TUSCARAWAS.
August, 1818.

Ohio
*v.*
Smith.

TUSCARAWAS. and corrupt mind and disposition, in manner and form
August, 1818. aforesaid, did, falsely, wickedly, wilfully, maliciously, and
Ohio corruptly, commit wilful and corrupt perjury, to the great
v. displeasure of Almighty God, to the evil and pernicious
Smith. example of all others in like cases offending, to the great
damage of the said Henry Mauckiman, against the form of the statute
in such case made and provided, and against the peace and dignity
of the state of Ohio. *John C. Stockton*, Pros. Att'y. of T. county."—On
which said bill of Indictment is endorsed, "state of Ohio, Tus. ct'y. ct.
com. Pl's. March T. 1818. A true bill, Thornton Whitacre foreman."

The jury returned a verdict of guilty—whereupon the following
motion for a new trial; viz. 1st. The following direction given by the
court to the jury, viz. "that the principle of law, that a reasonable
doubt in the minds of the jury of a material fact necessary to support
the issue, and prove the prisoner's guilt, applied to capital cases only;
and in this case the jury would decide upon the weight of testimony,
as they would in any other controversy submitted to them as jurors,"
is deemed by the prisoner to be incorrect, and unsupported by the law
of the land. 2d. That the testimony produced, did not support the
material allegations in the indictment, and therefore the verdict was
contrary to evidence—was made and argued by GOODENOW for the
prisoner, and JOHNSON and BEEBE for the State.

PRESIDENT.—The first ground on which a new trial is asked, is a sup-
posed misdirection of the court to the jury. If the jury have been
misled by an erroneous direction of the court, no doubt a new
trial should be granted. The counsel for the prisoner has mistaken
the charge which was given to the jury. It is laid down as a rule *in
favorem vitae*, that if one of the jury doubts the prisoner's guilt, the
whole are bound to acquit. In observing upon this, it was stated to
the jury that there was such a rule of law in the books, but it seemed
to be applied to capital cases only. "That as the verdict must be the
deliberate judgment of each one of the jury, upon the case submitted,
each one should be satisfied, in his own mind, of its correctness; that
no one juror was bound to give up his own conviction of truth and
adopt the opinions of others; they were bound to deliberate, to
examine, and if possible to agree on a verdict; but no one was bound
to pronounce the prisoner guilty or not guilty, unless in his own mind
he was satisfied that he was so—that as to the rule of law so much
insisted on by counsel, if it was to be understood as requiring eleven
jurors to agree to a verdict of acquittal, *because* one juror doubted, and
could not agree to a verdict of condemnation, it was to absurd to be
recognized as law in any case. That in deliberating upon the case

submitted to them, the prisoner was to be presumed inno-
cent of the offence charged against him, until the contrary
was made evident to them by facts proven ; that criminal
causes were not to be decided as civil causes were, by the
mere preponderance of evidence : but that the evidence should
be so clear and conclusive, as to leave no reasonable doubt of
the truth of the charge, and so full as to be wholly irreconcile-
able with the prisoner's innocence on any reasonable construction
which could be given to it—or they should not return a verdict
against him." We are not able to perceive any error in this. As
to the other point, we are satisfied that the evidence supported the
indictment.— New trial refused. It was then moved in arrest of
judgment : 1st. Because there is repugnancy in the indictment, in
this : the caption shews the indictment to have been found on the
24th March, 1818, and the offence alledged to have been committed
on a subsequent day, viz. 26th March, 1818. 2d. Because a material
allegation in the indictment, of what the prisoner swore on oath to
wit, that he told them he would return him to the grand jury, is not
denied in the indictment, by any averment, to be true. 3d. Because
there is no record upon which the indictment can be supported, either
in its finding, its return into court, or of its existence upon the records
of this court, at the commencement of this term. 4th. Because if
the endorsement on the back of the indictment be sufficient to support
the finding at March term 1818, it cannot authorise the court in
ordering or directing an entry of its return into court, or of its con-
tinuance at said March term without the consent of the prisoner.
5th. That the indictment does not contain any sufficient matter to
support the charge of perjury against the prisoner, and that, according
to the law of the land, judgment cannot be rendered against him.

The counsel for the state, moved that an entry be ordered to be
made now, as of the fourth day of the last term, (27th March 1818)
upon the journals, of the return of the bill of indictment against the
prisoner, and of its continuance unto this term. WARNER, GOODENOW
and WRIGHT, for the prisoner. BEEBE and JOHNSON, for the state.

PRESIDENT. — We will first consider the objections to the
indictment, because, if they are well taken, it will be unnecessary
to decide the other points made in the case. Mauckiman was
indicted for an assault and battery upon Smith ; he put in
the plea of guilty to the indictment ; and, upon the examination
into the circumstances of the case by the court, he urged

TUSCARAWAS.   in mitigation of the fine, that he had settled with Smith,
August, 1818.  and satisfied him for the injury.   It was of importance
Ohio           to ascertain this fact, because by the usual practice of
v.
Smith.         the court, when the party injured is compensated for such
injury, the submission of the party, and the fact of a compensation
having been made, are taken into consideration as circumstances
in mitigation of the fine to be assessed.   This indictment states, that
Smith was sworn as a witness on such examination, and that he
testified : 1st, that he did not agree to the settlement with Maucka-
man : 2d, that he expressed his dissatisfaction with it at the time :
and 3d, that he told them he would return him to the grand jury.
The perjury is assigned in the 1st and 2d points of Smith's evidence;
and it is now urged, that, inasmuch as the person upon whom an
assault and battery has been committed, has no power to settle and
discharge the criminal prosecution, Smith might with truth deny that
he had made any such settlement ; that a compromise, illegal and void
in itself, cannot be set up to contradict his testimony ; that his testi-
mony was strictly and technically true, although it might be apparently
false ; so that, under these circumstances, no perjury has been com-
mitted.   The legal effect of such settlement, is no further in question,
than as it may go to the materiality of the matters sworn to ; whether a
settlement between the parties would go to discharge the criminal
prosecution altogether, or only in mitigation of the penalty inflicted
on the aggressor, does not seem very important to inquire, when it
is considered that it was a fact which would materially influence the
decision of the court upon the matter then before them, and that such
influence would not be modified by any consideration of the legal
effect of such settlement, otherwise than as between the parties.   Sat-
isfaction to the party injured, would bar a suit for damages ; it could
not, therefore, be either void or illegal.   The question, then, will be,
whether, by this indictment, Smith is charged with swearing falsely as
to an agreement with and satisfaction received of Mauckaman.   It
charged, that he was satisfied, and so expressed himself, and that he
swore that he neither agreed or was satisfied with Mauckaman.   Here
is a sufficient charge of perjury ; and as it is not necessary to assign
perjury in every part of the matter sworn to, the indictment appears
to be sufficient in substance.   The residue of the motion in arrest of
judgment, and the motion to amend, may be considered together.   The
March term of this court commenced upon the 24th day of the month,
and continued to and was adjourned upon the 28th.   On the 26th, the

court proceeded to an hearing of the case of the state <span style="float:right">TUSCARAWAS.</span>
against Mauckaman, when Smith was sworn and exam- <span style="float:right">August, 1818.</span>
ined as a witness. It being apparent to the court that <span style="float:right">Ohio<br>v.</span>
Smith had sworn falsely, he was ordered into custody, <span style="float:right">Smith.</span>
and afterwards recognized to appear at this (the next) term, to
answer to a charge of perjury.  So far appears on the journals of
the court.  On file is an indictment, which appears to have been found
at the March term.  At this term, Smith was surrendered by his bail,
pleaded to the indictment, has been tried and convicted; there is no
entry on the journals that the grand jury returned this bill of indict-
ment into court, or of the continuance of the cause, but it is within
the knowledge of the court, that the grand jury came into court on
the 27th day of March, and returned this bill of indictment endorsed
as it now appears.

After the prisoner has been convicted, by the verdict of an impar-
tial jury, on very full and satisfactory evidence, upon an indictment
sufficient in form and substance to warrant the court in pronouncing
the judgment of the law against him, he claims to be discharged: 1st,
because, by the caption of the indictment, and by a fiction of law, that
the whole term is but one day, it may be inferred that the indictment
was found before the offence was committed; 2d, because the clerk
has omitted to make an entry on the journals, of the return of the
indictment into court by the grand jury; and 3d, because a continu-
ance has not been entered.   We know well that this indictment was
not found upon the 24th day of March, but upon the 27th; that it
was regularly returned into court by the grand jury; and that the
cause was continued to this term ; but, notwithstanding our knowledge
of these facts, we are urged, with no little zeal, to act and decide, as
though we were not merely ignorant concerning them, but knew the
contrary of each to be true.   There does not seem to be any reason for
such course of proceeding, nor is any authority adduced; and, in all
cases where a court are asked to make an irrational and absurd deci-
sion, an uniform course and concurrence of authorities should appear
to contravene their own judgment of right and wrong, or I think they
should follow that as the safer guide.  In the case of the King vs.
Darley, 4th East. 174, which was an indictment removed into the court
of the King's Bench, by certiorari, after a verdict of guilty in the
court below, "Gurney, for the prosecutor, moved upon an affidavit of
the clerk of the peace of the county of Sussex, stating that the indict-
ment, which appeared by the caption returned to have been found at

STARK.          the Midsummer general quarter sessions of the peace,
August, 1818. was not found then, but at the Michaelmas session
Fogle        following, for a rule calling upon the defendant to shew
v.
Hanlan.      cause why, upon reading the affidavit of W. E. and a
parchment writing thereto annexed, and the minutes of the court
before which the indictment was found, now produced and shewn
to this court, the return to the writ of certiorari issued by this court at
the instance of the defendant should not be amended, by inserting in
the return of the caption the time when, the general quarter sessions
of the peace at which the said indictment was found, was holden, and
the names of the justices by whom the said sessions was holden, and
the names of the jurors by whom the same was found, according to
the truth of the fact. And why the entry roll in the treasury, and
also the record of *nisi prius*, should not be amended as to the caption
of the indictment, by making the same agree with the caption when so
amended. And on a subsequent day of the term, Erskine, for the
defendant, admitting that he could not oppose the amendment prayed,
the rule was made absolute." So far, then, as precedents are examined
they fully authorise the amendments prayed for. Such amendments
are made, that the truth may appear, not for the purpose of exhibiting
a falsehood. The entry must be made on the journals now, as of the
fourth day of the last term, the continuance entered, and the caption
amended by stating the day it was found. Motion in arrest overruled.